**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ROZELL AND LINDA HODGES,
MELVIN AND BARBARA JACKSON,
SHUNDRA SANDERS a/k/a SHUNDRA
SANDERS BANKS,**                                                               **PLAINTIFFS,**

**VS.**                                                                        **CIVIL ACTION NO. 4:05CV168-P-A**

**COLDWELL BANKER REAL ESTATE
CORPORATION; COLDWELL BANKER
FIRST GREENWOOD–LEFLORE REALTY
INC.; LEFLORE PROPERTIES, INC.; JIM
PRUETT; LINDA PRUETT; BANK OF
COMMERCE; STATE BANK & TRUST
COMPANY; AND BAYROCK MORTGAGE
CORPORATION,**                                                                  **DEFENDANTS.**

## **ORDER**

This matter comes before the court upon Defendant Coldwell Banker's Motion to Sever [171-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Pursuant to Fed. R. Civ. P. 20 and 21, Coldwell Banker moves to sever the claims of the five plaintiffs in this case from one case to three cases: one for Rozell and Linda Hodges, one for Melvin and Barbara Jackson, and one for Shundra Sanders. Coldwell Banker argues that even though there may be questions of law or fact common to all three plaintiffs, there was no common transaction, occurrence, or series of transactions or occurrences to allow joinder of the plaintiffs' claims to be proper under Rule 20. Alternatively, Coldwell Banker moves the court to order three separate trials pursuant to Fed. R. Civ. P. 42(b).

1

In their opposition brief the plaintiffs argue that severing or separating the claims of the five plaintiffs in this case – and by extension, the claims of all of the plaintiffs in all 23 cases – could result in turning 23 cases into 103 separate cases.[1] The current 23 cases, the plaintiffs argue, are already scheduled until the year 2013 and if they are further separated into 103 cases, the plaintiffs will not realize their right to a jury trial until perhaps the 2020s or 2030s given that the court has already scheduled only three or four of the 23 cases per year. Alternatively, the plaintiffs suggest, without formally moving, that the court can either consolidate all 103 plaintiffs' RICO claims into one action pursuant to Fed. R. Civ. P. 42(a) or certify a class action pursuant to Fed. R. Civ. P. 23(b)(3).

Rule 21 states in pertinent part that "Parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." The court has broad discretion in matters of severance. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500 (5th Cir. 1994).

Rule 20(a) provides in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

It is undisputed that there is at least one question of law or fact common to all persons in this action. Thus, the only issue with regard to Rule 20 before the court is whether there is a common transaction or occurrence or series of transactions or occurrences.

---

[1] The undersigned is assigned to 14 of the 23 Coldwell Banker cases. The remainder are assigned to the Hon. Michael P. Mills in the U.S. District Court in Oxford, Mississippi. Thus, any ruling the undersigned renders in the instant case could only be extended upon motion, if proper, in 14 of the 23 cases.

The court notes at the outset that the parties have cited no mandatory authorities answering the question definitively as to whether a "series of transactions" means a series of transactions between the same parties, whether a series of transactions means a common defendant or group of defendants whose behavior affects a group of plaintiffs in the same way, or both. In other words, "series of transactions" on its face is ambiguous when applied to the facts of this case.

According to Professors Wright and Miller, "[t]he purpose of the rule [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Fed. Prac. & Proc. Civ.3d § 1652 (citing *e.g., Gates v. L.G. DeWitt, Inc.*, 528 F.2d 405 (5th Cir. 1976), *modified per curiam*, 532 F.2d 1052 (1976); *Rumbaugh v. Winifrede R.R. Co.*, 331 F.2d 530 (4th Cir. 1964), *cert. denied* 379 U.S. 929; *Alexander v. Fulton County, Georgia*, 207 F.3d 1303 (11th Cir. 2000)). Furthermore, "[b]ecause it is primarily a procedural device, party joinder in the federal courts is governed by Rule 20 and state restrictions on the practice are inapplicable." *Id.* (citing *Doyle v. Stanolind Oil & Gas Co.*, 123 F.2d 900 (5th Cir. 1941)).

With regard to the test for determining "whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach." 7 Fed. Prac. & Proc. Civ.3d § 1653. "This approach is reminiscent of the logical-relationship test, which has been judicially developed as a gloss on the words 'transaction or occurrence' used in the compulsory-counterclaim provision in Rule 13(a)." *Id.*

For the purposes of the logical relationship test, "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (citing *e.g., Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences,

3

depending not so much upon the immediateness of their connection as upon their logical relationship."); *Jamison v. Purdue Pharma Co.*, 251 F.Supp.2d 1315, 1322 (S.D. Miss. 2003) (Bramlette, J.) (Mississippi physician who prescribed pain medication to two Mississippi patients was not fraudulently joined to defeat complete diversity jurisdiction as to claims against the foreign manufacturers and marketers of the medication; the patients alleged the marketers, manufacturers, pharmacies, and physician conspired and engaged in a joint venture that resulted in their injuries, all claims arose from the injuries that were allegedly the result of the use of the medication, and the resolution of the claim that the marketers and the manufacturers "negligently promoted" the use of the drug could have an effect on the liability of the physician)).

>Professors Wright and Miller conclude that:
>
>The logical-relationship test employed under Rule 13(a) seems consistent with the philosophy underlying the passage in Rule 20 that allows joinder of parties whenever the claims arise out of "the same series of transactions or occurrences." Moreover, the flexibility of this standard enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20. ... [L]anguage in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court.

7 Fed. Prac. & Proc. Civ.3d § 1653 (citing *e.g.*, *U.S. v. Mississippi*, 380 U.S. 128 (1965) (a common practice among voter registrars to deny black people their right to vote constituted a transaction)). Furthermore, the professors state that "[t]he transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Id.*

4

Having considered the parties' arguments with regard to severance under Rule 20 and the learned opinions of Professors Wright and Miller discussed above, the court concludes that the the plaintiffs' claims in this case are logically and reasonably related. As was the case in *Jamison v. Purdue Pharma.Inc., supra*, which involved an alleged conspiracy, the instant case involves allegations of a RICO conspiracy, or a RICO enterprise. Though each of the three groups of plaintiffs in this case may have purchased different houses at different times and dealt with different people who made different fraudulent misrepresentations, what is the same is that all of the plaintiffs dealt with the alleged RICO enterprise. Proof of the entire RICO enterprise is necessary for all of the plaintiffs, therefore it makes little practical difference, for example, whether two plaintiffs dealt exclusively with Jim Pruett and another dealt with Ken Ellis since Jim Pruett and Ken Ellis are part of the larger, alleged enterprise.

For similar reasons, the court declines to order separate trials under Rule 42(b). Rule 42(b) provides in pertinent part: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ....always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution...."

"[M]otions for severance and motions for separate trial are distinct and preferably should be treated as such." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citing 9 Fed. Prac. & Proc. Civ. §2387 ("The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately, this distinction, clear enough in theory, is often obscured in practice since at times

the courts talk of "separate trial" and "severance" interchangeably.").

The court has discretion to order separate trials of particular issues "in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *O'Malley v. U.S. Fidelity and Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985). As with Rule 20(a), there is little mandatory authority defining the contours of the discretion afforded to the court in Rule 42(b). Professors Wright and Miller write:

> The provision for separate trials in Rule 42(b) is intended to further the parties' convenience, avoid delay and prejudice, and serve the ends of justice. It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties. The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course. Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule.

9 Fed. Prac. & Proc. Civ.2d § 2388.

Having considered the parties arguments, the plain language of Rule 42(b), and the aforementioned statement by Professors Wright and Miller, the court concludes that separate trials in this case would be inefficient. Given that the RICO enterprise evidence will be substantially similar for all three groups of plaintiffs in this action, and given that the RICO claims are the plaintiffs' primary claims, it would be inefficient to order three separate trials that would repeat such substantially similar proof.

Finally, with regard to the plaintiffs' alternative suggestions for managing all 23 mortgage fraud cases, the defendants are correct that the plaintiffs have not filed a motion to certify a class action under Rule 23(b)(3) or for consolidation of the RICO claims for one trial under Rule 42(a). Thus, the court will not consider those alternatives at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Coldwell Banker's Motion to Sever [171-1] is **DENIED**.

**SO ORDERED** this the 19th day of April, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE