IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROZELL AND LINDA HODGES,
MELVIN AND BARBARA JACKSON,
SHUNDRA SANDERS a/k/a SHUNDRA
SANDERS BANKS,                                              PLAINTIFFS,

VS.                                                         CIVIL ACTION NO. 4:05CV168-P-A

COLDWELL BANKER REAL ESTATE
CORPORATION; COLDWELL BANKER
FIRST GREENWOOD–LEFLORE REALTY
INC.; LEFLORE PROPERTIES, INC.; JIM
PRUETT; LINDA PRUETT; BANK OF
COMMERCE; STATE BANK & TRUST
COMPANY; AND BAYROCK MORTGAGE
CORPORATION,                                                DEFENDANTS.

## FINAL JUDGMENT

These matters come before the court upon Defendant Coldwell Baker Real Estate Corporation's joinder [230] and Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood-Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [232] in Defendant State Bank's October 24, 2006 motion to compel arbitration of all of the plaintiffs' claims against all of the defendants which the court granted in its March 27, 2007 Amended Order dismissing all of the plaintiff's claims against Defendants State Bank & Trust Company, Bank of Commerce, and Terry Green without prejudice and compelling those claims to binding arbitration. Upon due consideration of the remaining defendants' joinders, the court finds as follows, to-wit:

The court observed in its March 27, 2007 Order that: " although State Bank moves to compel arbitration against all defendants on the same basis [*i.e.*, pursuant to *Grigson v. Creative Artists*

1

*Agency, LLC*, 210 F.3d 524 (5th Cir. 2000)], State Bank does not have standing to move for the other defendants and only Bank of Commerce and Terry Green have filed a joinder in State Bank's instant motion. Until the other defendants do so, the court has no basis to apply this ruling to any defendants other than State Bank, Bank of Commerce, and Terry Green."

Thus, the court already indicated that its March 27, 2007 ruling would apply to all of the defendants in this action pursuant to *Grigson*. Since the remaining defendants have filed joinders, the court concludes that all of the plaintiffs' claims against all of the defendants should be dismissed without prejudice and sent to binding arbitration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pursuant to Defendant Coldwell Baker Real Estate Corporation's joinder [230] and Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood-Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [232] in Defendant State Bank's October 24, 2006 motion to compel arbitration of all of the plaintiffs' claims against all of the defendants which the court granted in its March 27, 2007 Amended Order, the court concludes:

(1) For the same reasons discussed in the court's March 27, 2007 Amended Order, which the court adopts and incorporates herein, all of the plaintiffs' claims against all of the remaining defendants in this action should be **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**; therefore,

(2) This case is **CLOSED**.

**SO ORDERED** this the 21st day of September, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE